IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 15375 MEMORIAL CORPORATION, *et al.*, | ) | Bankr. Case No. 06-10859 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| BEPCO L.P., f/k/a Bass Enterprises Production Company | ) | |
| | ) | Civil Action No. 08-313 (SLR) |
| Appellant, | ) | |
| | ) | (Consolidation for procedural purposes of Civil Actions 08-313, 08-314, 08-318, 08-319, 08-321, 08-322, 08-325 & 08-326) |
| v. | ) | |
| | ) | |
| 15375 MEMORIAL CORPORATION, *et al,* | ) | |
| | ) | |
| Appellees and Cross-Appellants. | ) | |

**MOTION OF APPELLANT BEPCO, L.P., F/K/A BASS ENTERPRISES PRODUCTION COMPANY FOR LEAVE TO FILE A REPLY IN SUPPORT OF ITS EMERGENCY REQUEST FOR CERTIFICATION FOR DIRECT APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

Appellant BEPCO, L.P., f/k/a Bass Enterprises Production Company ("BEPCO"), hereby requests leave to file the reply (the "Reply"), attached hereto as **Exhibit A** in support of *BEPCO, L.P., f/k/a Bass Enterprises Production Company's Emergency Request For Certification For Direct Appeal To The United States Court Of Appeals For The Third Circuit Pursuant To 28 U.S.C. § 158(d)(2)*, dated June 4, 2008 (D.I. 6) (the "Certification Request").[1] In support hereof, BEPCO respectfully states as follows:

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Certification Request.

1. On April 28, 2008, BEPCO timely filed notices of appeal from the following decisions of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"): (a) the Opinion and Order (Bankr. D.I. 329; Adv. D.I. 197); and (b) the Reconsideration Opinion and Order (Bankr. D.I. 330; Adv. D.I. 198).

2. On May 7, 2008, debtors Santa Fe Minerals, Inc. ("Santa Fe" or "SFMI") and 15375 Memorial Corporation ("Memorial," and together with Santa Fe, the "Debtors") and their non-debtor affiliates GlobalSantaFe Corporation, GlobalSantaFe Corporate Services, Inc. and Entities Holdings, Inc. (collectively, the "GSF Entities") each filed notices of cross-appeal from the Opinion and Order and the Reconsideration Opinion and Order (Bankr. D.I. 336 & 337; Adv. D.I. 206 & 207).

3. All appeals were subsequently docketed with this Court on May 27 & 29, 2008. On June 6, 2008, this Court ordered that all of the above-referenced appeals were to be consolidated for procedural purposes under Case No. 08-313 (SLR).

4. One June 13, 2008, the Debtors (D.I. 9) (the "Debtors Response") and GSF Entities (D.I. 10) (the "GSF Response," and together with the Debtors Response, the "Responses"), appellees and cross-appellants in these appeals, each filed responses opposing the Certification Request, which responses together exceeded 40 pages. The Responses make numerous objections to the Certification Request, which are based on distortions of the proceedings before the Bankruptcy Court and inaccurate characterizations of BEPCO's appeals. In particular, even though BEPCO filed its Certification Request well within 60 days of the Bankruptcy Court's entry of the Reconsideration Opinion and Order as required under 28 U.S.C. § 158(d)(2)(E), both Responses assert that BEPCO's Certification Request is untimely. (Debtors Response, ¶¶ 1, 1 n.2, 18 & 19; GSF Response, ¶ 9 n.1)

**RELIEF REQUESTED AND BASIS FOR RELIEF**

5. BEPCO respectfully requests leave to file the Reply attached hereto as **Exhibit A** in support of its Certification Request.

6. The process described in 28 U.S.C. § 158(d)(2) governing the direct review of bankruptcy court decisions in the courts of appeals is new, having been enacted as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). Interim Bankruptcy Rule 8001(f), which sets forth procedures for certification requests, likewise was promulgated in connection with the enactment of section 158(d)(2).[2] Given their newness, there are a limited number of reported decisions considering these provisions.

7. Interim Bankruptcy Rule 8001(f) states that certification requests are not governed by Bankruptcy Rule 9014, but is silent as to whether replies are appropriate.[3] While nothing in section 158(d)(2) or Interim Bankruptcy Rule 8001(f) forecloses the filing of a reply, BEPCO, out of an abundance of caution, is hereby requesting leave to do so.

8. A reply to the arguments of the Debtors and GSF Entities concerning the timeliness of BEPCO's Certification Request is particularly appropriate here to avoid legal error injustice to BEPCO that might result if BEPCO did not have an opportunity to address this issue. BEPCO had no reason to anticipate that the Debtors and GSF Entities would make such an

---

[2] By General Order, dated September 20, 2005, the Bankruptcy Court adopted Interim Bankruptcy Rule 8001(f) and other Interim Bankruptcy Rules promulgated in connection with BAPCPA. However, Interim Bankruptcy Rule 8001(f) and other revisions to the Bankruptcy Rules will not become fully effective as amendments to the Bankruptcy Rules until December 1, 2008.

[3] Interim Bankruptcy Rule 8001(f)(3)(E) states: "The request, cross request, and any response shall not be governed by Rule 9014 and shall be submitted without oral argument unless the court otherwise directs." Int. Fed. R. Bankr. P. 8001(f)(3)(E).

argument and therefore did not have an opportunity to fully address this issue in its Certification Request. It is undisputed that BEPCO filed its Certification Request well within 60 days after the Reconsideration Opinion and Order were entered. *See* 28 U.S.C. § 158(d)(2)(E). Debtors' argument that the Certification Request is untimely is based entirely on the unsound contention that the Court should disregard the Reconsideration Opinion and Order and consider only the original Opinion and Order, the finality of which was suspended while the BEPCO Reconsideration Motion was pending.

9.  The assertion by the Debtors and GSF Entities that BEPCO's Certification Request is untimely is based on a patent misreading of 28 U.S.C. § 158(d)(2) and related provisions and Bankruptcy Rules governing appeals from judgments and orders of bankruptcy courts. Additionally, in the course of making their timeliness argument, the Debtors badly mischaracterize both the nature of BEPCO's appeals and the proceedings before the Bankruptcy Court. For these reasons, BEPCO should be afforded an opportunity to respond to this argument.

[Remainder of Page Left Intentionally Blank]

WHEREFORE, to the extent necessary, BEPCO respectfully requests that the Court grant it leave to file the Reply attached as **Exhibit A** hereto.

Dated: Wilmington, Delaware
June 16, 2008

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Gregory W. Werkheiser (No. 3553)
Kelly M. Dawson (No. 4786)
1201 Market Street
P. O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 351-9229
Fax: (302) 658-3989

-and-

CARVER DARDEN KORETZKY TESSIER FINN
BLOSSMANN & AREAUX, L.L.C.
M. Hampton Carver (LA #4546)
Leann Opotowsky Moses (LA #19439)
1100 Poydras Street, Suite 2700
New Orleans, LA 70163
Telephone: (504) 585-3800
Fax: (504) 585-3801

Co-Counsel for BEPCO, L.P., formerly known
as Bass Enterprises Production Company

2369382.1

# **EXHIBIT A**

Case 1:08-cv-00313-SLR    Document 12-2    Filed 06/16/2008    Page 1 of 13

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| 15375 MEMORIAL CORPORATION, *et al.*, | Bankr. Case No. 06-10859 (KG) |
| Debtors. | (Jointly Administered) |
| BEPCO L.P., f/k/a<br>Bass Enterprises Production Company | |
| Appellant, | Civil Action No. 08-313 (SLR) |
| v. | (Consolidation for procedural purposes of Civil Actions 08-313, 08-314, 08-318, 08-319, 08-321, 08-322, 08-325 & 08-326) |
| 15375 MEMORIAL CORPORATION, *et al,* | |
| Appellees and Cross-Appellants. | **Re: Docket Items 6, 9 & 10** |

**REPLY OF APPELLANT BEPCO, L.P., F/K/A
BASS ENTERPRISES PRODUCTION COMPANY IN SUPPORT OF ITS
EMERGENCY REQUEST FOR CERTIFICATION FOR DIRECT APPEAL TO
THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

Appellant BEPCO, L.P., f/k/a Bass Enterprises Production Company ("BEPCO"), hereby respectfully submits this reply (the "Reply") in support of *BEPCO, L.P., f/k/a Bass Enterprises Production Company's Emergency Request For Certification For Direct Appeal To The United States Court Of Appeals For The Third Circuit Pursuant To 28 U.S.C. § 158(d)(2),* dated June 4, 2008 (D.I. 6) (the "Certification Request").[1]  In support hereof, BEPCO respectfully states as follows:

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Certification Request.

1. One June 13, 2008, the Debtors (D.I. 9) (the "Debtors Response") and the GSF Entities (D.I. 10) (the "GSF Response," and together with the Debtors Response, the "Responses"), appellees and cross-appellants in these appeals, each filed responses opposing the Certification Request, which responses together exceeded 40 pages. BEPCO will not burden the Court with a reply to the large majority of the argument in the Responses. The bulk of their opposition is devoted to trying to misdirect this Court from a basic point common to the issues raised by BEPCO's appeals – even if the Bankruptcy Court's factual findings are left undisturbed on appeal, the Bankruptcy Court still committed legal error by applying the wrong legal standards in denying BEPCO's requests to dismiss the Debtors' chapter 11 cases.[2] Accordingly, certification for direct review by the Third Circuit is entirely proper.

2. BEPCO submits this Reply solely with respect to two points. First, this Reply serves to apprise this Court of a very recent development in the Bankruptcy Court that may have bearing on this Court's consideration of BEPCO's Certification Request. Second, this Reply addresses the Debtors' argument that BEPCO's Certification Request, which undeniably was filed well within 60 days after the Bankruptcy Court's entry of the Reconsideration Opinion and Order, is nevertheless untimely because the underlying Opinion and Order were issued by the Bankruptcy Court more than 60 days prior to the Certification Request.

---

[2] Furthermore, as legislative history to 28 U.S.C. § 158(d)(2) makes clear, certification for direct review in the Third Circuit is not foreclosed even if the appeal requires overturning the bankruptcy court's factual findings (which this one does not) and even if binding precedent already exists on all of the issues that might lead to a reversal of the bankruptcy court (which it does not). *See* H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 148 (2005) ("[F]act-intensive issues may occasionally offer grounds for certification even when binding precedent already exists on the general legal issue in question . . . ."). It is evident from the foregoing statement that Congress believed the existence of fact intensive issues alone should not be an impediment to certification, and that certification could even be appropriate where fact intensive issues and binding precedent existed in the case on appeal.

3. In the Debtors Response, they assert that certification for direct review should not be granted because "confirmation of the Plan likely would occur prior to any decision is reached on the pending appeals . . . ." (Debtors Response, ¶ 42). However, just this morning, the Bankruptcy Court entered an Order, deferring proceedings on various matters, including the Disclosure Statement related to the Amended Plan, for approximately one month until a hearing scheduled for July 23, 2008, at 10:00 a.m. (ET).[3] While time remains very much of the essence in connection with these appeals, there is now an enhanced opportunity for BEPCO to obtain meaningful appellate relief if certification for direct review in the Third Circuit is granted promptly.

4. With respect to the Debtors' timeliness objection, the sum and substance of the Debtors' argument, made without citation to legal authority aside from the text of 28 U.S.C. § 158(d)(2)(E), is the following:

> The Bankruptcy Court's Reconsideration Order cannot be considered as creating a new 60 day period for Bass to seek certification because a reconsideration motion and order does not change the basis of the appeal – which is the original order, from which reconsideration was sought, and from which an appeal is correctly taken.

(Debtors Response, ¶ 19) This simplistic argument fails for several reasons.

5. First, the reading the Debtors would apply to the statute cannot be reconciled with the express language of 28 U.S.C. § 158(d)(2)(A), which provides:

> The appropriate court of appeals shall have jurisdiction of *appeals described in the first sentence of subsection (a)* if the . . . district court . . . involved, acting on its own motion or on the request of a party to the judgment, order, or decree *described in such first sentence*, or all the appellants and appellees (if any) acting jointly, certify that—

---

[3] A copy of the Order is attached as **Exhibit A** hereto.

28 U.S.C. § 158(d)(2)(A) (emphasis added). The referenced "first sentence" subsection (a) of 28 U.S.C. § 158, in turn, provides:

> The district courts of the United States shall have jurisdiction to hear appeals
>
> > (1) from *final judgments,* orders, and decrees;
> >
> > (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
> >
> > (3) with leave of the court, from other interlocutory orders and decrees;
>
> and, with leave of the court, from interlocutory orders and decrees of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

28 U.S.C. § 158 (emphasis added).[4]

6. As set forth Bankruptcy Rule 8002(b),[5] the filing of a timely motion of the type specified therein (which includes motions pursuant to Bankruptcy Rules 7052 and 9023,

---

[4] Rule 9001(7) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") defined a "judgment" as "any appealable order." Fed. R. Bankr. P. 9001(7). Additionally, Bankruptcy Rule 7054 (which applies to the contested matters at issue in these appeals) incorporates Federal Rule of Civil Procedure 54(a) by reference. Rule 54(a), in turn, similarly states that "'judgment' as used in these rules includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a).

[5] Bankruptcy Rule 8002(b) provides:

> If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion:
>
> > (1) to amend or make additional findings of fact under Rule 7052, whether or not granting the motion would alter the judgment;
> >
> > (2) to alter or amend the judgment under Rule 9023;

(Continued . . .)

upon which the BEPCO Reconsideration Motion relied) destroys the finality of the judgment, order or decree at issue until the last such motion is resolved.[6] Indeed, Bankruptcy Rule 8002(b) expressly states:

> A notice of appeal filed after announcement or entry of the judgment, order, or decree but before disposition of any of the above motions is ineffective to appeal from the judgment, order, or decree, or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last such motion outstanding.

Fed. R. Bankr. P. 8002(d). Consistent with the foregoing, the well established rule in the Third Circuit is that a motion under Rule 59(e) (which is the Rule that the BEPCO Reconsideration Motion most directly invoked) "in effect, 'suspends' the finality of the initial judgment." *Federal Kemper Ins. Co. v. Rauscher,* 807 F.2d 345, 348 (3d Cir. 1986) (citing 6A J. Moore, *Moore's Federal Practice* ¶ 59.15[4]).

---

(. . . continued)
        (3) for a new trial under Rule 9023; or

        (4) for relief under Rule 9024 if the motion is filed no later than 10 days after the entry of judgment. A notice of appeal filed after announcement or entry of the judgment, order, or decree but before disposition of any of the above motions is ineffective to appeal from the judgment, order, or decree, or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last such motion outstanding. Appellate review of an order disposing of any of the above motions requires the party, in compliance with Rule 8001, to amend a previously filed notice of appeal. A party intending to challenge an alteration or amendment of the judgment, order, or decree shall file a notice, or an amended notice, of appeal within the time prescribed by this Rule 8002 measured from the entry of the order disposing of the last such motion outstanding. No additional fees will be required for filing an amended notice.

[6]   Bankruptcy Rules 7052 and 9023 correspond respectively to Rules 52 and 59 of the Federal Rules of Civil Procedure and make them applicable in bankruptcy cases with certain exceptions not at issue here.

7.     Accordingly, except in certain circumstances not applicable here, an order that is the subject of a pending Rule 59(e) motion cannot be the subject of an appeal "described in the first sentence of subsection (a) [of 28 U.S.C. § 158]."[7] 28 U.S.C. § 158(d)(2)(A). Because the certification procedure in 28 U.S.C. § 158(d)(2) does not apply to an order whose finality has been suspended as a result of the filing of a motion of the type described in Bankruptcy Rule 8002(b), section 158(d)(2)(E) cannot be read to reference the entry of a judgment, order or decree other than one as to which a certification for direct review by the appropriate appeals court can properly be made.[8]

8.     Furthermore, to read section 158(d)(2)(E) as the Debtors urge would lead to the absurd result that a litigant would be required to request certification of an order for direct review in the Third Circuit at a point in time when, because of the pendency of a motion of the

---

[7]   Those exceptions are appeals from interlocutory orders concerning the time periods in section 1121 of the Bankruptcy Code and discretionary appeals from other interlocutory orders, as codified in 28 U.S.C. §§ 158(a)(2) & (3).

[8]   The Debtors disingenuously imply that BEPCO is solely responsible for the Bankruptcy Court's Order not becoming effective immediately when it was issued in asserting that "Bass' action in seeking reconsideration was entirely voluntary, and inconsistent with the position it now advocates that this appeal is of a character requiring emergency treatment and the bypassing of this Court." (Debtors Response, ¶ 19) This assertion is nonsensical for at least three reasons. First, the Debtors and GSF Entities each filed their own motions seeking relief from the Order under Rule 59(e) and Bankruptcy Rule 9023 *before* the BEPCO Reconsideration Motion was filed, so BEPCO's motion was merely cumulative and in no way responsible for the delayed finality of the Order. Second, since the purpose of a Rule 59(e) motion is "to correct manifest errors of law or fact or to present newly discovered evidence" without the delay and added expense of an appeal, BEPCO's attempt to persuade the Bankruptcy Court to correct its Opinion and Order in the first instance was entirely proper and consistent with seeking to expedite the appeal process through its Certification Request. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Third, the need to expedite the appeals process is more compelling now than when the BEPCO Reconsideration Motion was filed because, as described more fully in the Certification Request and the Motion Of Appellant BEPCO, L.P., f/k/a Bass Enterprises Production Company (I) For Consideration Of Supplemental Materials In Connection With Certification Request And (II) To Supplement Record On Appeal (D.I. 11), the Debtors and GSF Entities have now taken steps in the Bankruptcy Court to attempt to frustrate BEPCO's ability to obtain meaningful appellate review.

type described in Bankruptcy Rule 8002(b), no appeal as of right under 28 U.S.C. § 158(a) was possible. The legislative history to section 158(d)(2) makes clear that a principal goal of Congress in creating this procedure was to address "the time and cost factors attendant to the present appellate system . . . ."[9] To burden the Court and litigants with a reading that would require a litigant to preemptively request certification while a motion of the type described Bankruptcy Rule 8002(b) is still pending would unnecessarily increase the cost of the appellate process, not lessen it. This cannot be what Congress intended.

9. Second, the Debtors' attempt to derail BEPCO's Certification Request fails because it is based on the incorrect premise that "[t]his appeal originates from the Bankruptcy Court's February 15, 2008 Order . . . ." (Debtors Response, ¶ 19) Established Third Circuit law, however, is to the contrary. "A timely appeal from a denial of a Rule 59 motion to alter or amend 'brings up the underlying judgment for review.'" *Federal Kemper*, 807 F.2d at 348 (quoting *Quality Prefabrication v. Daniel J. Keating Co.*, 675 F.2d 77, 78 (3d Cir. 1981)). Thus, it is quite clear under Third Circuit precedent that when an appeal has been taken from the denial of a Rule 59(e) motion (as occurred here when BEPCO separately appealed form the denial of the BEPCO Reconsideration Motion), the order denying the request to alter or amend the judgment is the source of appellate jurisdiction. Based on the foregoing, entry of the Reconsideration Order is the appropriate point to look to in determining whether BEPCO's Certification Request was timely.[10]

---

[9] *See* H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 148 (2005).

[10] Indeed, as discussed in BEPCO's Certification Request, the three principal bases for the BEPCO Reconsideration Motion are precisely those upon which BEPCO seeks this Court to certify its appeals for direct review in the Third Circuit:

(Continued . . .)

7

10. Finally, whatever deadline 28 U.S.C. § 158(d)(2)(E) may impose on BEPCO's right to request certification for direct review in the Third Circuit, this Court has the authority to *sua sponte* make such a certification and there is no deadline in the statute for a certification that this Court chooses to make on its own motion.[11] Section 158(d)(2)(E), by its express terms applies only to a "*request* under subparagraph (B) for certification . . . ." 28 U.S.C. § 158(d)(e)(E). *See also* 16 C.A. Wright, et al., *Fed. Prac. & Proc. Juris. 2d* § 3926.1, at 257 (2008) (stating that section 158(d)(2)(E) "does not appear to establish any time limit for certification on the lower court's own motion"). Thus, whether or not BEPCO's Certification

---

(. . . continued)
    First, BEPCO argued that the facts as found by the Bankruptcy Court and as stipulated by the parties in the Opinion and Order established "cause" under section 1112(b)(4)(A) of the Bankruptcy Code and that dismissal or other relief under section 1112(b)(1) was therefore required. Second, again principally relying upon the facts as found by the Bankruptcy Court or as stipulated by the parties, BEPCO argued that the Bankruptcy Court had misapprehended its position that the Debtors' chapter 11 cases should be dismissed for lack of good faith because they failed to advance any valid bankruptcy purpose as required by NMSBPCSLDHB, L.P., v. Integrated Telecom Express, Inc., 384 F.3d 108, 118 (3d Cir. 2004). Third, BEPCO pointed out that the Bankruptcy Court had failed to consider the undisputed fact that Santa Fe's dissolution could no longer be revoked and, as a result, had misapplied the law under section 109(d) of the Bankruptcy Code which would have made Santa Fe ineligible to be a chapter 11 debtor. ***The matters at issue in the BEPCO Reconsideration Motion correspond directly with the legal questions presented in this Certification Request.***

(Certification Request, ¶ 15) (emphasis added)

[11] Section 158(d)(2)(A) authorizes certification by "the district court . . . .acting on its own motion . . . ." 28 U.S.C. § 158(d)(2)(A). Arguably, certification of the appeal is mandatory, even in the absence of a request, if at least one of the statutory criteria is present. Section 158(d)(2)(B) provides, in relevant part: "If the . . . district court . . . on its own motion . . . determines that a circumstance specified in clause (i), (ii), or (iii) of subparagraph (A) exists . . . then the . . . district court *shall* make the certification described in subparagraph (A)." 28 U.S.C. § 158(d)(2)(B) (emphasis added).

Request is considered, this Court is empowered to take it upon itself to certify BEPCO's appeals for immediate review in the Third Circuit.

WHEREFORE, for all of the reasons stated herein and as stated in BEPCO's Certification Request, BEPCO respectfully requests that this Court expedite its appeals and certify them for direct review by the Third Circuit.

Dated: Wilmington, Delaware
June 16, 2008

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_/s/ Gregory W. Werkheiser_

Gregory W. Werkheiser (No. 3553)
Kelly M. Dawson (No. 4786)
1201 Market Street
P. O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 351-9229
Fax: (302) 658-3989

-and-

CARVER DARDEN KORETZKY TESSIER FINN
BLOSSMANN & AREAUX, L.L.C.
M. Hampton Carver (LA #4546)
Leann Opotowsky Moses (LA #19439)
1100 Poydras Street, Suite 2700
New Orleans, LA 70163
Telephone: (504) 585-3800
Fax: (504) 585-3801

Co-Counsel for BEPCO, L.P., formerly known
as Bass Enterprises Production Company

9

# **Exhibit A**

**Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 15375 MEMORIAL CORPORATION, et al., | ) | Case No. 06-10859(KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re Dkt. Nos. 351, 352, 354,** |
| | ) | **356, 358, 359 & 361** |

### ORDER

Pending before the Court are the following motions and applications ("the Pending Matters"):

1. The Debtors' Motion Under and Pursuant to Federal Rule of Bankruptcy Procedures 9019 for Approval of Settlement (D.I. 360) (the "Settlement Motion");

2. The Debtors' Motion for an Order (I) Approving Disclosure Statement, (II) Establishing Confirmation Related Notice Procedures, (III) Approving Solicitations Packages, and (IV) Approving Forms of Ballots and Procedures for Voting on Debtors' First Amended Joint Plan of Liquidation (D.I. 356) (the "Disclosure Statement Motion");

3. The Second Interim Application of Stevens & Lee, P.C. for Allowance and Payment of Compensation and Reimbursement of Expenses as Counsel to the Debtors for the Period November 1, 2006 through January 31, 2007 (D.I. 358);

4. The Third Interim Application of Stevens & Lee, P.C. for Allowance and Payment of Compensation and Reimbursement of Expenses as Counsel to the Debtors for the Period of February 1, 2007 through April 30, 2007 (D.I. 359).

Debtors are seeking to schedule the Pending Matters for June 27, 2008, while BEPCO opposes the scheduling.

The Pending Matters, especially the Settlement Motion and the Disclosure Statement Motion, involve significant, substantive issues, and come before the Court while the parties are engaged in appellate review of earlier rulings of the Court. Moreover, BEPCO, L.P., is seeking certification for direct and expedited appellate review by the United States Court of Appeals for the Third Circuit.

BEPCO has not sought to stay the pending cases while the appellate process proceeds and Debtors have every right, even duty, to proceed with the cases. However, the cases have been long pending and there is no reason - operational, financial or for convenience - why the Pending Matters must be heard sooner rather than shortly later. Therefore, in the spirit of reason in an otherwise acrimonious case, the Court will adjourn the June 27, 2008, hearing and, instead, schedules the Pending Matters to be heard on the next date scheduled in the cases, July 23, 2008, at 10:00 a.m.

Dated: June 16, 2008

_____
KEVIN GROSS, U.S.B.J.

2

## CERTIFICATE OF SERVICE

I, Kelly M. Dawson, certify that I am not less than 18 years of age, and that service of the **Motion Of Appellant BEPCO, L.P., f/k/a Bass Enterprises Production Company For Leave To File A Reply In Support Of Its Emergency Request For Certification For Direct Appeal To The United States Court Of Appeals For The Third Circuit** was caused to be made on June 16, 2008, in the manner indicated upon the parties on the attached list.

Under penalty of perjury, I declare that the foregoing is true and correct.

Dated: June 16, 2008

_/s/ Kelly M. Dawson_
Kelly M. Dawson (No. 4786)

806880.6

# SERVICE LIST

**VIA E-MAIL and HAND DELIVERY**

John D. Demmy, Esquire
Stevens & Lee, PC
1105 N. Market Street
7th Floor
Wilmington, DE 19801
jdd@stevenslee.com

Francis A. Monaco, Jr., Esquire
Kevin J. Mangan, Esquire
Womble, Carlyle, Sandridge & Rice, PLLC
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
fmonaco@wcsr.com
kmangan@wcsr.com

Noel C. Burnham, Esquire
Montgomery McCracken
1105 Market Street
Wilmington, DE 19801
nburnham@mmwr.com

David Buchbinder, Esquire
Office of the U.S. Trustee
844 King Street
Suite 2207
Lockbox 35
Wilmington, DE 19801
david.l.buchbinder@usdoj.gov

**VIA E-MAIL and FIRST CLASS U.S. MAIL**

Philip G. Eisenberg, Esquire
Mark A. Chavez, Esquire
Locke Liddell & Sapp, LLP
600 Travis Street
3400 JP Morgan Chase Tower
Houston, TX 77002
peisenberg@lockeliddell.com
mchavez@lockeliddell.com

John C. Kilgannon, Esquire
Stevens & Lee, PC
1818 Market Street
Philadelphia, PA 19103
jck@stevenslee.com

Natalie D. Ramsey, Esquire
Montgomery McCracken
123 South Broad Street
Philadelphia, PA 19109-1029
nramsey@mmwr.com

M. Hampton Carver, Esq.
Leann Opotowsky Moses, Esq.
Carver Darden Koretzky Tessier Finn Blossman & Areaux, L.L.C.
1100 Poydras Street - Suite 3100
New Orleans, LA 70163
carver@carverdarden.com
moses@carverdarden.com

2021479.2