## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 15375 MEMORIAL CORPORATION, *et al.*, | ) | Bankr. Case No. 06-10859 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| ——————————————— | ) | |
| | ) | |
| BEPCO, L.P., f/k/a | ) | |
| Bass Enterprises Production Company | ) | |
| | ) | |
| Appellant, | ) | Civil Action No. 08-313 (SLR) |
| | ) | |
| v. | ) | (Consolidation for procedural |
| | ) | purposes of Civil Actions 08- |
| | ) | 313, 08-314, 08-318, 08-319, 08- |
| 15375 MEMORIAL CORPORATION, *et al*, | ) | 321, 08-322, 08-325 & 08-326) |
| | ) | |
| Appellees and Cross-Appellants. | ) | |
| ——————————————— | ) | |

### EMERGENCY MOTION TO SHORTEN NOTICE AND RESPONSE DEADLINE WITH RESPECT TO THE EMERGENCY MOTION OF APPELLANT BEPCO, L.P., F/K/A BASS ENTERPRISES PRODUCTION COMPANY TO BYPASS APPELLATE MEDIATION

Appellant BEPCO, L.P., f/k/a Bass Enterprises Production Company ("BEPCO"

or "Appellant") by its undersigned attorneys, hereby moves (the "Motion") for entry of an Order,

pursuant to rules 80011 and 9006 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") and, to the extent applicable, rule 7.1.2 of the Local Rules of Civil Practice

and Procedure of the United States District Court for the District of Delaware (the "Local

Rules"), shortening the deadline by which responses, if any, must be filed with respect to the

*Emergency Motion Of Appellant BEPCO, L.P. f/k/a Bass Enterprises Production Company To*

*Bypass Appellate Mediation,* dated June 18, 2008 (the "Mediation Motion")[1] to allow the Mediation Motion to be considered on an expedited basis. In support of this Motion, BEPCO relies upon and incorporates herein the affidavit of Gregory W. Werkheiser, attached as **Exhibit A** hereto (the "Werkheiser Affidavit"), and respectfully states as follows:

**BACKGROUND**

1.    BEPCO has filed with this Court appeals from (a) an order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") denying BEPCO's motion to dismiss the chapter 11 cases of debtors 15375 Memorial Corporation ("Memorial") (a shell holding company) and Santa Fe Minerals, Inc. ("Santa Fe," and together with Memorial, the "Debtors") (a dissolved corporation) and (b) an order of the Bankruptcy Court denying BEPCO's motion for reconsideration under Rules 7052 and 9023 of the Bankruptcy Rules and Federal Rules of Civil Procedure 52 and 59(e).[2]

2.    These appeals were subsequently docketed with this Court on May 27 & 29, 2008, and are being jointly administered under the case number 08-313 (SLR).

3.    The Mediation Motion is procedural in nature and requests that the Court grant it relief from this Court's Standing Order, dated July 23, 2004 (the "Standing Order"), to the extent applicable, and direct that BEPCO's appeals can proceed without mediation.

---

[1]    All terms not defined herein shall have the meanings ascribed to them in the Mediation Motion.

[2]    BEPCO sought the dismissal of the Debtors' chapter 11 cases based on, *inter alia,* (i) the Debtors' lack of good faith, (ii) "cause" pursuant to 11 U.S.C. § 1112(b) and (iii) the ineligibility of Santa Fe, a corporation that was irrevocably dissolved long before its chapter 11 petition was filed, to be a debtor under chapter 11 of the Bankruptcy Code.

**RELIEF REQUESTED**

4.      By this Motion, BEPCO seeks the entry of an order shortening the deadline by which responses, if any, to the Mediation Motion must be filed so that the Mediation Motion may be considered on an expedited basis.  BEPCO proposes that such responses be filed by no later than 4:00 p.m. (E.T.) on June 23, 2008.

**BASIS FOR RELIEF REQUESTED**

5.      The Mediation Motion and this Motion are procedural in nature.  The Mediation Motion seeks only to bypass the appellate mediation and stay of briefing incident thereto that might otherwise slow the progress of these appeals.  In light of the procedural nature of the Mediation Motion and this Motion, Bankruptcy Rule 8011(b), applicable to appeals to this Court from the Bankruptcy Court, authorizes this Court to decide the Mediation Motion and this Motion without awaiting responses thereto.[3]  Accordingly, no opportunity to respond to the Mediation Motion or this Motion is required to be afforded to the Debtors and GSF Entities before this Court acts upon either of such motions.

6.      Nevertheless, out of an abundance of caution and in deference to the possible applicability to the Mediation Motion of Bankruptcy Rule 8011(a) and/or Local Rule 7.1.2(b), BEPCO has filed this Motion seeking to require responses, if any, to the Mediation Motion to be filed and served upon BEPCO so as to be received no later than 4:00 p.m. (ET) on

---

[3]      Bankruptcy Rule 8011(b) states in full: "Notwithstanding subdivision (a) of this rule, motions for procedural orders, including any motion under Rule 9006, may be acted on at any time, without awaiting a response thereto and without hearing.  Any party adversely affected by such action may move for reconsideration, vacation, or modification of the action." Fed. R. Bankr. P. 8011(b).

Monday, June 23, 2008.[4]  BEPCO respectfully submits that shortening the deadline for the Debtors and GSF Entities to respond to the Mediation Motion is particular appropriate here given the procedural nature of the relief requested and the compelling need to expedite these appeals.

7.    Currently pending before this Court is BEPCO's Certification Request, which seeks to expedite BEPCO's appeals and have them certified for direct appeal to the United States Court of Appeals for the Third Circuit pursuant To 28 U.S.C. § 158(d)(2).  BEPCO believes the Certification Request is fully briefed and ready to be submitted for a decision by this Court.

8.    As described more fully in the Certification Request, the Mediation Motion and the Werkheiser Affidavit, one of the principal reasons why certification for direct review by the Third Circuit is appropriate here is to streamline the appeal process and allow BEPCO to obtain appellate review before its opportunity to obtain a meaningful remedy on appeal is mooted by actions that the Debtors and GSF Entities are undertaking in the Bankruptcy Court, including, but not limited to, pursuing proceedings on the Amended Plan and a motion to approve the Insider Settlement.  Additionally, expediting these appeals will help avoid the unnecessary consumption of resources that will result if litigation goes forward in the Bankruptcy Court on overlapping matters that are likely to involve significant briefing, discovery and evidentiary hearings, all of which could be avoided if BEPCO is successful in obtaining a reversal of the Bankruptcy Court's order declining to dismiss the Debtors' chapter 11 cases.  For

---

[4]    Bankruptcy Rule 8011(a) states: "Any party may file a response in opposition to a motion other than one for a procedural order within seven days after service of the motion, but the district court . . . may shorten or extend the time for responding to any motion." Fed. R. Bankr. P. 8011(a).  Local Rule 7.1.2(b) states: "Unless otherwise ordered, once a motion has been deemed served, the response thereto shall be filed within 10 days, as calculated consistent with Fed. R. Civ. P. 6(a). . . ." D. Del. LR 7.1.2(b).

the reasons stated herein and the Mediation Motion, BEPCO may suffer irreparable harm in that, among other things, its appeals may be effectively mooted by actions being taken in the Bankruptcy Court and it may forever lose the opportunity to pursue claims against the GSF Entities, which may be the only viable source of recovery for BEPCO.

9.    Prior to filing this Motion and the Mediation Motion, BEPCO requested the Bankruptcy Court to defer proceedings related to the Amended Plan and the motion to approve the Insider Settlement that the Debtors had attempted to schedule for June 27, 2008. The Bankruptcy Court responded by issuing an Order, dated June 16, 2008 (Bankr. D.I. 368) (Exhibit C to the Mediation Motion), by which it directed that the foregoing matters should not go forward prior to a hearing on July 23, 2008, at 10:00 a.m. (ET). The Bankruptcy Court's Order, while helpful in that it affords this Court an opportunity to consider BEPCO's Certification Request, still leaves a very limited time period for this Court or the Third Circuit to consider BEPCO's appeals on the merits.[5] Thus, While the grounds for this Motion and the Mediation Motion, in part, were submitted to the Bankruptcy Court in the first instance (i.e., BEPCO sought to have the Bankruptcy Court defer proceedings to allow more time for these appeals to go forward), BEPCO believes that only this Court has the power in the first instance to shorten notice with respect to this Motion and to entertain the Mediation Motion, both of which concern this Court's control over its appellate docket.

---

[5]    It is possible that the Bankruptcy Court may further defer or stay proceedings on the Amended Plan, Insider Settlement and other matters that may overlap with these appeals were this Court to act on the Certification Request promptly. Indeed, the Bankruptcy Court noted in the June 16 Order that the bankruptcy cases "have been long pending and there is no reason – operational, financial or for convenience – why the Pending Matters must be heard sooner rather than shortly later." (June 16 Order at 2) BEPCO, however, currently has no assurances that the Bankruptcy Court would grant such relief.

10.    The Debtors and GSF Entities, the only other parties to these appeals, will not be unfairly prejudiced.  The Mediation Motion is procedural in nature and concerns only the narrow question of whether the progress of these appeals should be sidetracked for another round of mediation when a prior mediation and prior settlement discussion have altogether failed and there is a compelling need to expedite these appeals.  All parties' rights on substantive appeal issues are and will be fully preserved.

11.    Furthermore, substantially contemporaneously with the filing of the Mediation Motion on June 18, 2008, the undersigned counsel contacted counsel for the Debtors and GSF Entities and requested that they consent to a response deadline of Monday, June 23, 2008, at 4:00 p.m. (ET).  Thus, both parties are aware that BEPCO is seeking this response deadline.  Additionally, BEPCO is serving this Motion by, *inter alia,* e-mail on the parties required to receive service by Bankruptcy Rule 8008 contemporaneous with its filing in order to make every practicable effort to notify opposing counsel in time for them to respond to the Motion and the Mediation Motion.[6]  Finally, the office addresses and telephone numbers of the undersigned counsel are set forth below and the office addresses and telephone numbers of opposing counsel are set forth on the service list annexed hereto.

### D. DEL. L.R. 7.1.1 STATEMENT

12.    The undersigned counsel for BEPCO hereby certifies in accordance with Rule 7.1.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware that a reasonable effort has been made to reach agreement with the Debtors and the GSF Entities with respect to the subject matter of this Motion.  On June 18,

---

[6]    The Mediation Motion was likewise served on opposing counsel and the Bankruptcy Rule 8008 parties by, *inter alia,* e-mail contemporaneous with its filing on June 18, 2008.

2008, the undersigned requested counsel for the Debtors and GSF Entities to consent to the relief requested in this Motion. Counsel for the GSF Entities has rejected BEPCO's request, and counsel for the Debtors has yet to respond as of the filing of this Motion.

WHEREFORE, BEPCO respectfully requests this Court enter an order, substantially in the form attached hereto as **Exhibit B**, (i) shortening the deadline by which responses, if any, to the Mediation Motion must be filed; (ii) considering the Mediation Motion on an expedited basis; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware  
      June 19, 2008

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Gregory W. Werkheiser (No. 3553)  
Kelly M. Dawson (No. 4786)  
1201 Market Street  
P. O. Box 1347  
Wilmington, Delaware 19899-1347  
Telephone: (302) 351-9229  
Fax: (302) 658-3989

-and-

CARVER DARDEN KORETZKY TESSIER FINN BLOSSMANN & AREAUX, L.L.C.  
M. Hampton Carver (LA #4546)  
Leann Opotowsky Moses (LA #19439)  
1100 Poydras Street, Suite 2700  
New Orleans, LA 70163  
Telephone: (504) 585-3800  
Fax: (504) 585-3801

Co-Counsel for BEPCO, L.P., formerly known as Bass Enterprises Production Company

2372623.2

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 15375 MEMORIAL CORPORATION, *et al.*, | ) | Bankr. Case No. 06-10859 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| _____ | ) | |
| | ) | |
| BEPCO, L.P., f/k/a | ) | |
| Bass Enterprises Production Company | ) | |
| | ) | Civil Action No. 08-313 (SLR) |
| Appellant, | ) | |
| | ) | (Consolidation for procedural |
| v. | ) | purposes of Civil Actions 08- |
| | ) | 313, 08-314, 08-318, 08-319, 08- |
| 15375 MEMORIAL CORPORATION, *et al*, | ) | 321, 08-322, 08-325 & 08-326) |
| | ) | |
| Appellees and Cross-Appellants. | ) | |
| _____ | ) | |

## AFFIDAVIT OF GREGORY W. WERKHEISER

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) ss.: |
| COUNTY OF NEW CASTLE | ) |

Gregory W. Werkheiser, being duly sworn, deposes and says:

1.      I am a partner in the law firm Morris, Nichols, Arsht & Tunnell LLP, and am counsel for BEPCO, L.P., f/k/a Bass Enterprises Production Company, appellant and cross-appellee in the above-captioned appeals.  I submit this affidavit in support of the *Emergency Motion Of Appellant BEPCO, L.P. f/k/a Bass Enterprises Production Company To Bypass*

*Appellate Mediation* (the "Mediation Motion") and the prefixed motion to shorten notice with respect thereto.[1]

2.      On April 28, 2008, BEPCO filed notices of appeal from (a) the Findings Of Fact And Conclusions Of Law (Bankr. D.I. 291; Adv. D.I. 164) and related Order (Bankr. D.I. 292; Adv. D.I. 165); and (b) the Memorandum Opinion On Reargument (Bankr. D.I. 323; Adv. D.I. 193) and related Order (Bankr. D.I. 324; Adv. D.I. 194) each issued by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). By these appeals, BEPCO seeks, among other things, a reversal of the Bankruptcy Court's decisions declining to dismiss the chapter 11 bankruptcy cases of 15375 Memorial Corporation ("Memorial") and Santa Fe Minerals, Inc. ("Santa Fe" and, collectively with Memorial, the "Debtors") for cause under section 1112(b) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), for the Debtors' lack of good faith for Santa Fe's ineligibility to be a chapter 11 debtor.

3.      On May 7, 2008, the Debtors and the GSF Entities[2] each filed notices of cross-appeal from the Opinion and Order and the Reconsideration Opinion and Order (Bankr. D.I. 336 & 337; Adv. D.I. 206 & 207).

4.      All appeals were subsequently docketed with this Court on May 27 & 29, 2008, and assigned the following case numbers: 08-313 (SLR), 08-314 (SLR), 08-318 (SLR), 08-319 (SLR), 08-321 (SLR), 08-322 (SLR), 08-325 (SLR) and 08-326 (SLR).[3]

---

[1]      Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Mediation Motion.

[2]      The GSF Entities are GlobalSantaFe Corporation, GlobalSantaFe Corporate Services, Inc. and Entities Holdings, Inc.

5.     On June 4, 2008, BEPCO filed in this Court BEPCO, L.P., f/k/a Bass Enterprises Production Company's Emergency Request For Certification For Direct Appeal To The United States Court Of Appeals For The Third Circuit Pursuant To 28 U.S.C. Section 158(d)(2) (Dist. D.I. 6) (the "Certification Request").    Pursuant to the Certification Request, BEPCO seeks to expedite its appeals and obtain their direct review in the United States Court of Appeals for the Third Circuit.

6.     Following the docketing of the appeals with this Court, the Debtors filed the following in the Bankruptcy Court:

a.  Debtors' First Amended Joint Plan of Liquidation (Bankr. D.I. 351) (the "Amended Plan");

b.  Disclosure Statement For Debtors' First Amended Joint Plan Of Liquidation (Bankr. D.I. 352);

c.  Notice Of Hearing with respect to adequacy of the Disclosure Statement (Bankr. D.I. 354);

d.  Debtors' Motion For An Order (I) Approving Disclosure Statement, (II) Establishing Confirmation Related Notice Procedures, (III) Approving Solicitations Packages, And (IV) Approving Forms Of Ballots And Procedures For Voting On Debtors' First Amended Joint Plan Of Liquidation (Bankr. D.I. 356);

e.  Second Interim Application Of Stevens & Lee, P.C. For Allowance And Payment Of Compensation And Reimbursement Of Expenses As Counsel To The Debtors For The Period November 1, 2006 Through January 31, 2007 (Bankr. D.I. 358);

f.  Third Interim Application Of Stevens & Lee, P.C. For Allowance And Payment Of Compensation And Reimbursement Of Expenses As Counsel To The Debtors For The Period February 1, 2007 Through April 30, 2007 (Bankr. D.I. 359);

---

(. . . continued)

[3]  On June 6, 2008, this Court ordered that all of the above-referenced appeals were to be consolidated for procedural purposes under Case No. 08-313.

g.  Debtors' Motion Under And Pursuant To Federal Rule Of Bankruptcy Procedure 9019 For Approval Of Settlement (Bankr. D.I. 360) (the "Insider Settlement Motion"); and

h.  Debtors' Motion For An Order Shortening Notice Period With Respect To Hearing On Adequacy Of The Disclosure Statement For Debtors' First Amended Joint Plan Of Liquidation (Bankr. D.I. 361) (the "Motion to Shorten").

7.    Prior to filing this Motion and the Mediation Motion, BEPCO objected in the Bankruptcy Court to the Motion to Shorten and requested the Bankruptcy Court to defer, among other things, proceedings related to the Amended Plan and the Insider Settlement Motion that the Debtors had attempted to schedule for June 27, 2008.  The Bankruptcy Court responded by issuing an Order, dated June 16, 2008 (Bankr. D.I. 368) (Exhibit C to the Mediation Motion), by which it directed that the foregoing matters should not go forward prior to a hearing on July 23, 2008, at 10:00 a.m. (ET).

[CONTINUED NEXT PAGE]

8.    Furthermore, prior to filing this Motion, the undersigned contacted counsel for the Debtors and GSF Entities and requested that they consent to a response deadline of Monday, June 23, 2008, at 4:00 p.m. (ET).  Additionally, BEPCO is serving this Motion by, *inter alia,* e-mail on the parties required to receive service by Bankruptcy Rule 8008 contemporaneous with its filing in order to make every practicable effort to notify opposing counsel in time for them to respond to the Motion and the Mediation Motion.[4]

_____
Gregory W. Werkheiser

Sworn to, and subscribed before me this 19th day of June, 2008.

_____
Notary Public

Mary C. Hall
Notary Public
My commission expires:

6-25-2010

_____

[4]    The Mediation Motion was likewise served on opposing counsel and the Bankruptcy Rule 8008 parties by, *inter alia,* e-mail contemporaneous with its filing on June 18, 2008.

# **<u>Exhibit B</u>**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 15375 MEMORIAL CORPORATION, *et al.*, | ) | Bankr. Case No. 06-10859 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| ──────────────────── | ) | |
| | ) | |
| BEPCO LP, | ) | |
| | ) | |
| Appellant, | ) | Civil Action No. 08-313 (SLR) |
| | ) | |
| v. | ) | Bankruptcy Case No. 06-10859 |
| | ) | ADV 06-50822 |
| GlobalSantaFe Corporation, *et al*, | ) | AP 08-29 |
| | ) | |
| Appellees. | ) | (Jointly Administered) |
| ──────────────────── | ) | |

**ORDER**

Upon the Emergency Motion To Shorten With Respect To The Emergency Motion Of Appellant BEPCO, L.P., f/k/a Bass Enterprises Production Company To Bypass Appellate Mediation (the "Motion")[1]; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.    The Motion is granted.

---

[1]    All terms not defined herein shall have the meanings ascribed to such terms in the Motion.

      2.     Responses, if any, to the Mediation Motion shall be filed and served by no later than June 23, 2008, at 4:00 p.m. (E.T.).

Dated: June __, 2008
        Wilmington, Delaware

                                _____
                                THE HONORABLE SUE L. ROBINSON
                                UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I, Gregory W. Werkheiser, certify that I am not less than 18 years of age, and that service of the **Emergency Motion To Shorten Notice And Response Deadline With Respect To The Emergency Motion Of Appellant BEPCO, L.P. f/k/a Bass Enterprises Production Company To Bypass Appellant Mediation** was caused to be made on June 19, 2008, in the manner indicated upon the parties on the attached list.

Under penalty of perjury, I declare that the foregoing is true and correct.

Dated:  June 19, 2008

Gregory W. Werkheiser (#3553)

806880.9

# SERVICE LIST

**VIA E-MAIL and HAND DELIVERY**

John D. Demmy, Esquire
Stevens & Lee, PC
1105 N. Market Street
7th Floor
Wilmington, DE  19801
Tel: (302) 654-5180
jdd@stevenslee.com

Francis A. Monaco, Jr., Esquire
Kevin J. Mangan, Esquire
Womble, Carlyle, Sandridge & Rice, PLLC
222 Delaware Avenue, Suite 1501
Wilmington, DE  19801
Tel: (302) 661-7730
fmonaco@wcsr.com
kmangan@wcsr.com

David Buchbinder, Esquire
Office of the U.S. Trustee
844 King Street
Suite 2207
Lockbox 35
Wilmington, DE  19801
Tel: (302) 573-6491
david.l.buchbinder@usdoj.gov

Kevin F. Brady
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899
Tel: (302) 888-6257
kbrady@cblh.com

**VIA E-MAIL and FIRST CLASS U.S. MAIL**

Philip G. Eisenberg, Esquire
Mark A. Chavez, Esquire
Locke Liddell & Sapp, LLP
600 Travis Street
3400 JP Morgan Chase Tower
Houston, TX  77002
Tel: (713) 226-1200
peisenberg@lockeliddell.com
mchavez@lockeliddell.com

John C. Kilgannon, Esquire
Stevens & Lee, PC
1818 Market Street
Philadelphia, PA  19103
Tel: (215) 575-0100
jck@stevenslee.com

M. Hampton Carver, Esq.
Leann Opotowsky Moses, Esq.
Carver Darden Koretzky Tessier Finn Blossman &
Areaux, L.L.C.
1100 Poydras Street - Suite 3100
New Orleans, LA  70163
Tel: (904) 585-3830
carver@carverdarden.com
moses@carverdarden.com

2374355.1