IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| 15375 MEMORIAL CORPORATION, *et al.,* | ) Bankr. Case. No. 06-10859 (KG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| BEPCO L.P., f/k/a | ) |
| Bass Enterprises Production Company, | ) |
| | ) Civil Action No. 08-313 (SLR) |
| Appellant, | ) |
| | ) |
| v. | ) (Consolidation of civil actions 08-313, |
| | ) 314, 318, 319, 321, 322, 325 and 326) |
| 15375 MEMORIAL CORPORATION, *et al.,* | ) |
| | ) |
| Appellees and Cross-Appellants. | ) |
| | ) |

**RESPONSE OF GLOBALSANTAFE ENTITIES IN OPPOSITION TO MOTION OF APPELLANT BEPCO, L.P., F/K/A BASS ENTERPRISES PRODUCTION COMPANY (I) FOR CONSIDERATION OF SUPPLEMENTAL MATERIALS IN CONNECTION WITH CERTIFICATION REQUEST AND (II) TO SUPPLEMENT RECORD ON APPEAL**

GlobalSantaFe Corporation, GlobalSantaFe Corporate Services, Inc., and Entities Holdings, Inc. (collectively "GlobalSantaFe Entities"), by and through their undersigned counsel, hereby submit this Response in Opposition to Motion of Appellant BEPCO, L.P., f/k/a Bass Enterprises Production Company ("BEPCO") (I) for Consideration of Supplemental Materials in Connection With Certification Request and (II) to Supplement Record on Appeal ("Motion to Supplement") and respectfully show the Court as follows:

**INTRODUCTION**

1.  On May 8, 2008, BEPCO filed its designation of record on appeal in the Bankruptcy Court.

1

2. On May 19, 2008, the Debtors and the GlobalSantaFe Entities filed their counter-designations.

3. On June 11, 2008, well outside the time period provided for designation of items for inclusion in the record on appeal, BEPCO filed its Motion to Supplement, arguing that it needed to supplement the record on this appeal with items filed subsequent to the initiation of these appellate proceedings; items which: (1) have not yet been addressed by the Bankruptcy Court; and (2) were not part of the record before the Bankruptcy Court at the time it rendered the orders BEPCO appeals from.

4. In reality, BEPCO's Motion to Supplement is little more than a thinly veiled attempt to have this Court render advisory opinions with respect to matters which have not yet been addressed by the Bankruptcy Court and are not ripe for review by this Court. In particular, BEPCO's Motion to Supplement sounds in the nature of an objection to confirmation of the Debtors' plan, which is an issue not before this Court.

5. Moreover, to the extent BEPCO relies on the fact that the bankruptcy cases are proceeding below as a basis for the relief it is requesting, 28 U.S.C. 158(d)(2)(D) provides that an appeal:

> . . .does not stay any proceeding of the bankruptcy court, the district court, or the bankruptcy appellate panel from which the appeal is taken, unless the respective bankruptcy court, district court, or bankruptcy appellate panel, or the court of appeals in which the appeal is pending, issues a stay of such proceeding pending the appeal.

6. The fact is, BEPCO does not have a stay and Debtors are entitled to proceed to confirmation. These facts do not warrant, or even support, the granting of BEPCO's Request for Certification or its Motion to Supplement. To the extent anyone has "thwarted" BEPCO's ability to obtain appellate review, it is BEPCO through its own failure to even request appropriate relief in a timely manner in the Bankruptcy Court.

7.	Lastly, and most importantly, while BEPCO relies on two circuit level cases in support of its requested relief – cases which do not address the relevant rules applicable to bankruptcy appeals – BEPCO fails to disclose to the Court the vast line of authority, which includes cases arising in this circuit, that forecloses the relief BEPCO has requested. Instead, BEPCO relies on a **murder** case in making its argument.

8.	For these reasons, as set forth more fully below, the GlobalSantaFe Entities respectfully request that BEPCO's Motion to Supplement be denied.

## ARGUMENT

**A.	Federal Rule of Bankruptcy 8006 Does Not Permit Items to be Added to the Record on Appeal if They Were Not Part of the Record Before the Bankruptcy Court.**

9.	"Rule 8006 provides that the record on appeal from a bankruptcy court decision consists of designated materials that became part of the bankruptcy court's record in the first instance. **The rule does not permit items to be added to the record on appeal to the district court if they were not part of the record before the bankruptcy court**." *In re CPDC, Inc.,* 337 F.3d 436, 442 (5th Cir. 2003) (emphasis added); *see also In re Yepremian*, 116 F.3d 1295 (9th Cir. 1997) (holding that evidence developed after the order appealed from is "not part of the record on appeal and [ ] cannot [be] consider[ed].").

10.	This proposition is seemingly universally accepted, including among the courts in the Third Circuit. *See In re Neshaminy Office Bldg. Associates,* 62 B.R. 798, 802 (E.D. Pa. 1986) (stating: "Items not before the Bankruptcy Court and not considered by it in rendering its decision may not be included in the record."); *In re MK Lombard Group, Ltd.,* 2005 WL 735993 (E.D. Pa. 2005) (citing *Neshaminy* with approval); *In re Oxborrow*, 104 B.R. 356 (E.D. Wash. 1989) (citing *Neshaminy* with approval); *In re Summit Global Logistics*, 2008 WL 1446722 (Slip

3

Copy) (stating: "Items not before the Bankruptcy Court and not considered by it in rendering its decision may not be included in the record."); *Hytken v. Williams,* 2007 WL 1003421 (S.D. Tex.) (stating that Rule 8006 "does not permit items to be added to the record on appeal if they were not part of the record before the bankruptcy court."); *In re Phillips,* 2006 WL 721429 (N.D. Tex. 2006) (similarly stating); *In re Thomas,* 2008 WL 112042 (W.D. Va.) (Slip Copy) (similarly stating); *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.,* 2008 WL 2198272 (S.D.N.Y.) (similarly stating).

11.     In an attempt to circumvent this case law, BEPCO cites the Court to two cases, *In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts,* 913 F.2d 89 (3d Cir. 1990) and *Ross v. Kemp,* 785 F.2d 1467 (11th Cir. 1986), both of which are criminal cases and were cases interpreting Federal Rule of Appellate Procedure 10, not Federal Rule of Bankruptcy Procedure 8006. Moreover, to the extent they are worthy of any consideration, both cases only act to reinforce the point made in this Response, *i.e.* that BEPCO is precluded from supplementing the record in this case.

12.     In *In re Capital Cities*, the Third Circuit stated as follows:

> This Court has said on numerous occasions that it cannot consider material on appeal that is outside of the district court record. . . .
>
> Furthermore, by including in its appendix a number of items that were not part of the district court record, Capital Cities has violated the command of several provisions of the Federal Rules of Appellate Procedure. Rule 10(a) states that the record on appeal is composed of:
>
>> The original papers and exhibits filed in the district court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the district court....
>
> Moreover, we are unable to consider in the first instance any of the material that Capital Cities has included in its appendix that was not part of the district court record. In *Sewak v. INS,* 900 F.2d 667, 673 (3d Cir.1990), we stated that **"[a]s an appellate court we do not take testimony, hear evidence or determine**

> disputed facts in the first instance. **Instead, we rely upon a record developed in those fora that do take evidence and find facts**." . . .
>
> We have more often than not construed Rule 10(e) to prohibit this Court from adding to the record anything that the district court has not considered.

*Id.* at 96-97 (emphasis added).

13.     Indeed, in *In re Capital Cities*, the court ultimately "refuse[d] to exercise either Rule 10(e) or any inherent equitable power that may be available to supplement the record to include the extra-record items that Capital Cities included in its appendix and as an addendum to its reply brief." *Id.* at 98.

14.     Similarly, *Ross* offers little support for BEPCO's arguments. In *Ross*, **the petitioner had been convicted of <u>murder</u> and was seeking habeas relief.** Even in that instance, the court, as an initial matter, noted that the court's "inherent equitable authority to enlarge the record and consider material that has not been considered by the court below . . . is rarely exercised. . ." *Ross*, 785 F.2d at 1474. In fact, the court noted that even given the seriousness of the matters involved, the relief requested in *Ross* would not be ordinarily granted. *Id.* at 1476.

15.     BEPCO's choice to rely on authority wholly irrelevant to the matters before this Court, while at the same time ignoring authority from within the Third Circuit that squarely addresses the matters at hand is nothing short of remarkable.

16.     In any event, because the relevant authority cited above forecloses the relief requested in BEPCO's Motion to Supplement, the GlobalSantaFe Entities would submit that such motion should be summarily denied.

    **B.     BEPCO's Continued Complaints Regarding the Proceedings Below are Wholly Irrelevant to the Matters Presented in BEPCO's Motion to Supplement.**

17.     Unfazed by the lack of legal support for its requested relief, BEPCO attempts to craft an equitable argument, contending that it needs relief in order to avoid the mooting of its appeal.  The potential mooting of BEPCO's appeal, however, is an insufficient basis for granting BEPCO <u>any</u> relief.

18.     Federal Rule of Bankruptcy Procedure 8005 provides:

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal **must ordinarily be presented to the bankruptcy judge in the first instance**. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.  A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge. . . .

(emphasis added).

19.     A party that fails to seek a stay in the bankruptcy court is not entitled to seek such a stay from the appellate court.  *In re Zahn Farms,* 206 B.R. 643 (B.A.P. 2d Cir. 1997). Therefore, BEPCO has waived any opportunity it may have had to seek a stay of the Debtors' bankruptcy proceedings and BEPCO's constant complaints regarding any possible "thwarting" of its ability to seek appellate review is of its own making and does not entitle it to any form of relief.  *See Matter of Manges,*  29 F.3d 1034, *cert. denied,* 513 U.S. 1152 (stating that failure to seek or obtain a stay creates a risk that appellate review may be precluded on the ground of mootness).

20.     In fact, even had BEPCO sought a stay from the Bankruptcy Court, the fact that an "appeal will be mooted" does not, by itself, "establish that [an appellant] will be injured by denying [a] stay." *In re Dakota Rail, Inc.,* 111 B.R. at 821; *see also In re Public Service Co. of*

*New Hampshire,* 116 B.R. at 350 (stating, with respect to the argument that the appellant's appeal will be moot if a stay is not granted: "*all* courts confronted with this argument hold it is not enough to show sufficient injury to appellants to warrant [a] stay."); *In re Boca Del Rio Properties, Inc.,* 2006 WL 2459445 at *1 (S.D. Tex.) (rejecting debtor's assertion that it will suffer irreparable injury via the mooting of its appeal absent a stay where the debtor failed to show a likelihood of success on the merits of its appeal.).

21.     In short, BEPCO's constant complaining regarding its need for immediate appellate relief is legally irrelevant to the relief requested in BEPCO's Motion to Supplement, given that such relief is foreclosed by Federal Rule of Bankruptcy 8006 and is legally irrelevant to the relief requested in BEPCO's Request for Certification, which, even if granted, would not affect the bankruptcy cases from moving forward.  *See* 28 U.S.C. § 158(d)(2)(D).

### C.     BEPCO's Motion to Supplement is More Akin to a Confirmation Objection Than a Request for Relief in an Appellate Court.

22.     Aside from being of no merit, BEPCO's Motion to Supplement sounds more in the nature of an objection to confirmation of the Debtors' plan than a request for relief from an appellate court.

23.     Rather than set forth any valid argument in support of supplementing the record on appeal, BEPCO takes issue with: (1) the scope of the releases contained in the Debtors' plan; (2) the propriety of a proposed settlement, which has not yet been heard by the Bankruptcy Court; and (3) the propriety of fee applications filed by Debtors' counsel.  Despite these matters being set for hearing in the Bankruptcy Court on July 23, 2008, and the fact that BEPCO has not yet filed <u>any</u> objections in the Bankruptcy Court as to these pending matters, BEPCO would seemingly have this Court bypass the Bankruptcy Court and address these matters directly.

24.     While BEPCO would have this Court believe that the Debtors' actions in the Bankruptcy Court are part of some grand scheme to deprive BEPCO of relief, the fact remains that such proceedings are moving forward: (1) with the approval of the United States Trustee and the Bankruptcy Court; and (2) consistent with the text of § 158 and the Federal Rules of Bankruptcy Procedure, which foreclose BEPCO's request to supplement the record and BEPCO's attempt to obtain relief designed at remedying its failure to obtain a stay of these proceedings from the Bankruptcy Court.[1]

## CONCLUSION

25.     In evaluating BEPCO's Motion to Supplement, the Court need not look beyond Federal Rule of Bankruptcy Procedure 8006. Rule 8006 "**does not permit items to be added to the record on appeal to the district court if they were not part of the record before the bankruptcy court**." *In re CPDC, Inc.,* 337 F.3d 436, 442 (5th Cir. 2003) (emphasis added); *see also In re Yepremian*, 116 F.3d 1295 (9th Cir. 1997) (holding that evidence developed after the order appealed from is "not part of the record on appeal and [ ] cannot [be] consider[ed].").

26.     Therefore, BEPCO's Motion to Supplement must be denied.

---

[1] The GlobalSantaFe Entities will not dignify BEPCO's efforts to draw this Court into the matters currently pending before the Bankruptcy Court by responding to such arguments. The GlobalSantaFe Entities, however, reserve the right to do so in the event it becomes necessary.

27. In addition, the remainder of BEPCO's arguments deriving from § 158 and with regard to the proceedings pending in the Bankruptcy Court should be summarily rejected, given their legal irrelevancy to the matters pending in this Court.

Dated: Wilmington, Delaware
       June 19, 2008

Respectfully submitted,

__/s/ Francis A. Monaco, Jr._____
Francis A. Monaco, Jr. (#2078)
Kevin J. Mangan (#3810)
**WOMBLE CARLYLE SANDRIDGE
& RICE, PLLC**
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Tel. (302) 252-4361

        and

Philip G. Eisenberg
Texas State Bar No. 24033923
Mark A. Chavez
Texas State Bar No. 24036357
**LOCKE LORD BISSELL & LIDDELL, LLP**
3400 JPMorgan Chase Tower
600 Travis Street
Houston, Texas  77002
Tel. (713) 226-1200

**CERTIFICATE OF SERVICE**

    I, Heidi E. Sasso, certify that I am not less than 18 years of age, and that service of the foregoing document was made on June 19, 2008 upon:

Gregory Werkheiser, Esq.
Kelly Dawson, Esq.
Morris Nichols Arsht & Tunnell LLP
1201 Market Street
Wilmington, DE 19801

M. Hampton Carver, Esq.
Leann Moses, Esq.
Carver Darden Koretzy Tessier Finn  Blossman & Areaux, LLC
1100 Poydras Street, Ste. 2700
New Orleans, LA 70163

John Demmy, Esq.
Stevens & Lee PC
1105 N. Market Street, 7th Floor
Wilmington, DE 19801

    Under penalty of perjury, I declare that the foregoing is true and correct.

____6/19/2008                                             /s/ Heidi E. Sasso