IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| 15375 MEMORIAL CORPORATION, *et al.*, | Bankr. Case No. 06-10859 (KG) |
| Debtors. | (Jointly Administered) |
| BEPCO, L.P., f/k/a<br>Bass Enterprises Production Company | |
| Appellant, | Civil Action No. 08-313 (SLR) |
| v. | (Consolidation for procedural purposes of Civil Actions 08-313, 08-314, 08-318, 08-319, 08-321, 08-322, 08-325 & 08-326) |
| 15375 MEMORIAL CORPORATION, *et al,* | |
| Appellees and Cross-Appellants. | **Re: Docket Items 14 & 17** |

**REPLY IN FURTHER SUPPORT OF EMERGENCY MOTION OF
APPELLANT BEPCO, L.P., F/K/A BASS ENTERPRISES PRODUCTION
COMPANY TO BYPASS APPELLATE MEDIATION**

Appellant BEPCO, L.P., f/k/a Bass Enterprises Production Company ("BEPCO" or "Appellant") by its undersigned attorneys, hereby files this (a) reply (the "Reply") to the Joint Response Of The Debtors And The GlobalSantaFe Entities In Opposition To Emergency Motion Of Appellant BEPCO, L.P., f/k/a Bass Enterprises Production Company To Bypass Appellate Mediation And Motion To Strike Related Exhibits (D.I. 17) (the "Joint Objection") and (b) objection (the "Motion To Strike Objection") to the motion to strike Exhibits D through I to the Emergency Motion Of Appellant BEPCO, L.P., F/K/A Bass Enterprises Production Company To

Bypass Appellate Mediation (D.I. 14) (the "Mediation Motion"), which is embedded in the Joint Objection. In further support of the Mediation Motion, BEPCO respectfully states as follows:[1]

### ARGUMENT

1. At approximately 2:22 p.m. (ET) today, the Debtors and GSF Entities served BEPCO with the Joint Objection.[2] Because BEPCO is keenly interested in moving these appeals forward and in removing any perceived roadblocks to this Court's consideration of BEPCO's request to expedite these appeals and certify them for direct view in the Third Circuit, BEPCO has acted as soon as possible to prepare and file this Reply and Motion to Strike Objection so that they may be considered by the Court without further delay. For the reasons that follow, BEPCO respectfully submits that the Joint Objection is entirely without merit and the Mediation Motion should be granted without further delay.

I. THE REPLY

2. The Joint Objection attempts to interpose numerous objections that, with one exception, were anticipated and disposed of in the Mediation Motion and, therefore, will not be addressed again in this Reply. The one argument made by the Debtors and GSF Entities that does warrant a response in this Reply, if only because it is so divorced from reality, is the assertion that this Court should not bypass mediation or certify BEPCO's appeals for direct

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Mediation Motion.

[2] Neither the Debtors nor the GSF Entities (the only other parties to these appeals) object to BEPCO's related Emergency Motion To Shorten Notice And Response Deadline With Respect To The Emergency Motion Of Appellant BEPCO, L.P. f/k/a Bass Enterprises Production Company To Bypass Appellate Mediation (D.I. 15), which sought to require their responses to be filed by today. Accordingly, upon the inclusion of this Reply and Motion to Strike Objection, the Mediation Motion will be fully briefed and submitted for decision to this Court.

review in the Third Circuit because a further round of mediation is likely to follow in the Third Circuit's Appellate Mediation Program. This is simply not accurate.

3. The Debtors and GSF Entities begin from the premise that these appeals, as appeals in civil cases, are technically *eligible* for the Third Circuit's Appellate Mediation and attempt to construct an argument around it based on selective quotation from the Local Appellate Rules ("LAR") and unwarranted assumptions.[3] BEPCO does not dispute the basic proposition of the *eligibility* of these appeals for appellate mediation in the Third Circuit. However, LAR 33.1, upon which the Debtors and GSF Entities principally rely, makes clear that "[i]n all cases . . . the special master will determine which cases are appropriate for mediation . . . ."[4] 3d Cir. L.A.R. 33.1

4. As the FAQ on the Third Circuit's Web site makes clear, only certain cases are selected for mediation as determined to be appropriate by the Director of the Appellate Mediation Program:

> The Program Director selects cases for mediation. The Director exercise judgement [sic] and discretion in the selection of the cases based on the nature of the cases, the issues involved and prior experience.

(**Exhibit A** hereto) A recent article by Joseph A. Torregrossa, the current Director of the Appellate Mediation Program, explains that "[e]perience has shown that cases involving

---

[3] LAR 33.2 defines which appeals are eligible for mediation and, in relevant part, states: "All civil appeals . . . shall *be eligible for referral* to the Appellate Mediation Program, except" for certain enumerated classes of civil appeals not relevant here. 3d Cir. L.A.R. 33.2 (emphasis added).

[4] If, as the Debtors and GSF Entities suggest, mediation in civil cases is mandatory, then LAR 33.1's recognition of the right of the parties to request mediation would be superfluous. *See* 3d Cir. L.A.R. 331. ("Parties may confidentially request mediation by telephone or by letter directed to the special master.").

employment discrimination, commercial disputes, personal injury and insurance are prim candidates for mediation."[5] Notably, absent from this list are cases involving environmental and bankruptcy issues.[6]

      5.    Furthermore, there is absolutely no reason to believe that the Third Circuit would impose appellate mediation upon appeals, such as these, that are to be expedited if the Certification Request is granted. A search in the Westlaw "CTA" database (which includes all decisions of the United States Courts of Appeals) using the terms "158(d)(2)" and "mediat!" anywhere in the results identified not a single case where certification of a bankruptcy appeal for direct review in a Court of Appeals was requested (which procedure is codified at 28 U.S.C. § 158(d)(2)) and the word "mediation" (or any variant thereof) was even mentioned in a opinion.[7] This dearth of authority makes quite a bit of sense, as mediation (and a stay of proceedings

---

[5]   Joseph A. Torregrossa, *Appellate Mediation In The Third Circuit – Program Operations: Nuts, Bolts And Practice Tips,* 47 V<small>ILL</small>. L. R<small>EV</small>. 1059, 1069 (2002) (hereinafter, "Appellate Mediation"). Mr. Torregrossa further explains that appellate mediation programs like the Third Circuit's are only "mandatory" in the sense

> that . . . if a circuit's mediation program decides that a case should be mediated, the litigants cannot refuse to participate. . . . [M]ost programs, including the Third Circuit's, will listen to the litigants' explanations why they believe mediation will not be productive. If the mediator considers the reasons sufficient, the Program will not proceed with mediation.

*Id.* at 1065

[6]   Statistical analyses attached to the *Appellate Mediation* article, which cover the period from its inception in 1995 through December 31, 2001, establish that only "approximately 39% of the total pool of cases eligible for mediation were actually mediated." *Appellate Mediation,* at 1079.

[7]   A copy of the search result is attached as **Exhibit B** hereto.

incident thereto) is antithetical the purpose of the direct certification of bankruptcy appeals to streamline the appellate review process.

II.   MOTION TO STRIKE OBJECTION

6.   The Debtors and GSF Entities seek to strike Exhibits D through I to the Mediation Motion based on the unsupported and unsupportable assertion that BEPCO's inclusion of the exhibits "not only violates the confidentiality this Court has bestowed on the current mediation process, but the confidentiality of a prior mediation." (Joint Objection, ¶ 28). These exhibits consist of BEPCO's letter, dated June 17, 2008 to Kevin F. Brady, the mediator appointed by this Court (Exhibit D), and a series of related emails among counsel for the GSF Entities, the Debtors and BEPCO (Exhibits E through I) in which the parties debate the appropriateness of routing these appeals to mediation and of staying briefing of the appeals pending any such mediation.

7.   Pointedly, these communications occurred outside of a mediation session and none of the communications consist of "statements made or information developed during the mediation process". (Standing Order, § 5(c)) The substance of BEPCO's communications are explanations of the bases of BEPCO's belief why the Debtors and GSF Entities are incentivized to use the stay that might be imposed pending mediation for the improper purpose of slowing the progress of these appeals and why the prior (including the failure of settlement negotiations that the parties stipulated before the Bankruptcy Court to undertake in good faith and a mediation session before Bankruptcy Judge Carey) and current (including the filing of an Amended Plan that treats BEPCO unfairly as compared to other creditors and would give it no distribution in the bankruptcy cases) actions of the Debtors and GSF Entities are entirely inconsistent with a genuine willingness to use the mediation process for its proper purposes. The emails from counsel for the GSF Entities and Debtors consist of summary denials that they have

any improper purpose in insisting upon appellate mediation. The emails conclude with a challenge (Exhibit I) from John D. Demmy, counsel for the Debtors, that if BEPCO thinks appellate mediation is inappropriate it can only bypass appellate mediation by seeking formal relief from this Court.

8. The emails do not consist of confidential negotiation statements of the sort that Judge Farnan found objectionable for the plaintiffs to use in making their case on the merits in *Stanziale v. Pepper Hamilton LLP (In re Student Finance Corp.)*, 2007 WL 4643881 (D. Del. May 25, 2007). There, the plaintiffs disclosed the substance of confidential and privileged mediation submissions to their testifying experts, who then incorporated that information into their expert reports. *Id.* at *1. Defendants moved to strike the reports, citing a mediation agreement that expressly provided for the "confidentiality and non-disclosure of statements made in the course of the mediation." *Id.* The Court struck the reports they were tainted by the plaintiffs having "exposed three of their testifying experts to confidential mediation statements made by Defendants." *Id.*

9. Entirely absent here is any discussion by the GSF Entities or the Debtors of the merits of their positions or disclosure of data that could in any way be viewed as confidential or bearing on the merits of the litigation. This is not an instance of a hyper-aggressive litigant seeking to use information disclosed to it confidentially in a mediation session in order to make its case on the merits once litigation has failed. BEPCO seeks only to establish three points relating only to the narrow issue of whether its appeals should be sidetracked by the mediation process: (1) its efforts to explain its position to the mediator and the other parties to the appeal before it filed the Mediation Motion; (2) the futility of embarking another round of mediation that is fated to fail; and (3) the Debtors' assertions that the mediator lacked authority

to recommend that the mediation not go forward and that BEPCO was required to seek formal relief from this Court if it wished to avoid mediation.[8]

10.    For all of the foregoing reasons and those stated in the Mediation Motion, the Joint Objection of the Debtors and the GSF Entities is without merit and should be overruled.

WHEREFORE, BEPCO respectfully requests that the Court grant the Mediation Motion and grant BEPCO such other and further relief as is just and proper.

Dated: Wilmington, Delaware
June 23, 2008

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Gregory W. Werkheiser (No. 3553)
Kelly M. Dawson (No. 4786)
1201 Market Street
P. O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 351-9229
Fax: (302) 658-3989

-and-

CARVER DARDEN KORETZKY TESSIER FINN BLOSSMANN & AREAUX, L.L.C.
M. Hampton Carver (LA #4546)
Leann Opotowsky Moses (LA #19439)
1100 Poydras Street, Suite 2700
New Orleans, LA 70163
Telephone: (504) 585-3800
Fax: (504) 585-3801

Co-Counsel for BEPCO, L.P., formerly known as Bass Enterprises Production Company

2380377.1

---

[8]    In addition, the GSF Entities can claim no expectation of confidentiality in of their communications because each of Mr. Eisenberg's emails copied David L. Buchbinder, a representative of the Office of the United States Trustee, which is a non-party to these appeals.

# Exhibit A

Exhibit A

| Home | Death Penalty Information | Opinions | Dockets | Rules and Procedures | Information & Forms |
|---|---|---|---|---|---|
| FAQ | Other Resources | | Mediation | Model Jury Instructions | Judicial Misconduct & Disability |



# The United States Third Circuit Court of Appeals Appellate Mediation Program

## Frequently Asked Questions (FAQ)

| Mediation Home | Mediation FAQ's | About the Staff | Mediation Rules | Mediation Forms |
|---|---|---|---|---|

**A.  Eligibility for Mediation and Selection of Cases for Mediation**

1. What cases are eligible for mediation?
2. Are all civil cases mediated?
3. Who will decide whether a case is selected for mediation?
   How are cases selected?
4. May I request mediation?
   Can the request be made without the opposing side knowing of the request?
5. How will I know if my case is selected for mediation?
6. May I request mediation even after a case is not selected for mediation?
7. If a case is selected for mediation, is mediation mandatory?
   May I "opt-out" of mediation?
8. May the court refer a case to mediation?

**B.  The Mediator**

1. Who will be the mediator, and how is the mediator selected?
2. How can I find out biographical information about the mediator?

**C.  Impact of the Mediation Process on the Appellate Process**

1. Is the appellate process stayed when a case is selected for mediation?
2. When can I expect a briefing schedule?

**D.  The Mediation Process**

1. How will the mediation session be conducted?
   What takes place at the mediation?
2. Will the mediation be conducted in person or by telephone?
3. Who must be present at the mediation session?
4. Will the mediation session be confidential?
5. What must I file before the mediation session?
   How many copies and how may it be filed?
6. Is the mediation limited to the appeal itself?
   What if there are other disputes between the parties which are not involved in the appeal?
7. If a settlement is reached, will the terms of the settlement be confidential?

**E.  Post-Mediation Process**

1. What happens procedurally if a case settles as a result of the mediation?
2. What happens procedurally if a case does not settle after mediation?

**F.  Directions to the Philadelphia Mediation Office**

1. Is parking available near the Courthouse?

Home   Death Penalty Information   Opinions and Dockets   Rules and Procedures   Information & Forms
FAQ's   Search   Other Resources   Online Chambers   Mediation



# The United States Third Circuit Court of Appeals Appellate Mediation Program

## Answers to Frequently Asked Questions

Mediation Home   Mediation FAQ's   About the Staff   Mediation Rules

---

**A.   Eligibility for Mediation and Selection of Cases for Mediation**

1.   All civil appeals and petitions for review or enforcement of agency action are eligible for mediation. There are some exceptions--the major exception is pro se litigation. See L.A.R. 33.2.

2.   No. Only those cases which are eligible for mediation under L.A.R. 33.2 are sent by the Clerk's Office to the Director of the Appellate Mediation Program for review and possible mediation.

3.   The Program Director selects cases for mediation. The Director exercises judgement and discretion in the selection of cases based on the nature of the cases, the issues involved and prior experience. See L.A.R. 33.3.

4.   Yes. Confidential requests for mediation may be made at any time during the pendency of an appeal. See L.A.R. 33.1.

5.   Counsel will receive a Notice of Assignment for Mediation by mail. The Notice will set forth the date and time for the mediation and the name of the mediator. If a case is not selected for mediation, counsel will receive a briefing schedule from the Clerk's Office.

6.   Yes. Requests may be made by telephone or letter to the Program Director.

7.   If a case is selected for mediation, mediation is mandatory; in exceptional cases (and for good cause shown), counsel may request that the case be removed from the Mediation Program. All such requests should be made to the Program Director.

8.   Yes. Any time during the course of an appeal, the Court may refer a case to mediation. See L.A.R. 33.4

Back to Mediation's FAQ

# Exhibit B

**Westlaw Delivery Summary Report for WERKHEISER,GREGO 1517466**

| | |
|---|---|
| Your Search: | "158(D)(2)" & MEDIAT! |
| Date/Time of Request: | Monday, June 23, 2008 16:49 Eastern |
| Client Identifier: | 57501 |
| Database: | CTA |
| Lines: | 20 |
| Documents: | 2 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson Reuters, West and their affiliates.



QUERY - "158(D)(2)" & MEDIAT!                    DATABASES(S) - CTA

1. **H** Communications Workers of America AFL-CIO v. Southwestern Bell Tel. Co., 713 F.2d 1118, 114 L.R.R.M. (BNA) 2302, 98 Lab.Cas. P 10,436, , C.A.5 (Tex.), September 06, 1983(No. 81-2440.)

   ...thus employer had the power to unilaterally terminate the agreement by giving notice, and (2) employer's failure to notify Federal **Mediation** and Conciliation Service and the equivalent state labor agency within 30 days after giving union notice of its intent to ...

   ...1980, to specifically negotiate local overtime agreement. National Labor Relations Act, § 8(d)(2), as amended, 29 U.S.C.A. § **158(d)(2)** [4] 231H Labor and Employment 231HXII Labor Relations 231HXII(E) Labor Contracts 231H 1296 Duration and Termination 231H 1300 k. Notice of Termination. (Formerly 232Ak261 Labor Relations) Employer's failure to notify Federal **Mediation** and Conciliation Service and the equivalent state labor agency within 30 days after giving union notice of its intent to ...

   ...the Company's intent to terminate the Local Overtime Agreement on August 9, 1980. The Company did not notify the Federal **Mediation** and Conciliation Service ("the FMCS") or the Texas Department of Labor of the Agreement's upcoming termination, nor did it offer...

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I, Gregory W. Werkheiser, certify that I am not less than 18 years of age, and that service of the **Reply In Further Support Of Emergency Motion Of Appellant BEPCO, L.P. f/k/a Bass Enterprises Production Company To Bypass Appellate Mediation** was caused to be made on June 23, 2008, in the manner indicated upon the parties on the attached list.

Under penalty of perjury, I declare that the foregoing is true and correct.

Dated: June 23, 2008

_____
Gregory W. Werkheiser (#3553)

806880.10

# SERVICE LIST

**VIA E-MAIL and HAND DELIVERY**

John D. Demmy, Esquire
Stevens & Lee, PC
1105 N. Market Street
7th Floor
Wilmington, DE 19801
jdd@stevenslee.com

Francis A. Monaco, Jr., Esquire
Kevin J. Mangan, Esquire
Womble, Carlyle, Sandridge & Rice, PLLC
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
fmonaco@wcsr.com
kmangan@wcsr.com

David Buchbinder, Esquire
Office of the U.S. Trustee
844 King Street
Suite 2207
Lockbox 35
Wilmington, DE 19801
david.l.buchbinder@usdoj.gov

Kevin F. Brady
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
kbrady@cblh.com

**VIA E-MAIL and FIRST CLASS U.S. MAIL**

Philip G. Eisenberg, Esquire
Mark A. Chavez, Esquire
Locke Liddell & Sapp, LLP
600 Travis Street
3400 JP Morgan Chase Tower
Houston, TX 77002
peisenberg@lockeliddell.com
mchavez@lockeliddell.com

John C. Kilgannon, Esquire
Stevens & Lee, PC
1818 Market Street
Philadelphia, PA 19103
jck@stevenslee.com

M. Hampton Carver, Esq.
Leann Opotowsky Moses, Esq.
Carver Darden Koretzky Tessier Finn Blossman &
Areaux, L.L.C.
1100 Poydras Street - Suite 3100
New Orleans, LA 70163
carver@carverdarden.com
moses@carverdarden.com

2374355.1