IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| 15375 MEMORIAL CORPORATION, et al., | ) Bankr. No. 06-10859-KG ) Jointly Administered |
| | ) |
| Debtors. | ) |
| | |
| BEPCO, L.P., f/k/a Bass Enterprises Production Company, | ) ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) Civ. No. 08-313-SLR |
| | ) (Consolidated for procedural purposes |
| 15375 MEMORIAL CORPORATION, et al., | ) with Civ. Nos. 08-314, 08-318, 08-319, ) 08-321, 08-322, 08-325 and 08-326) |
| | ) |
| Appellees. | ) |

**MEMORANDUM ORDER**

At Wilmington this 18th day of February, 2009, having reviewed appellees' motion for stay pending appeal and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 48) is granted, for the reasons that follow:

1. **Standard of review.** A party seeking a stay pending appeal must prove, by clear and satisfactory evidence, that (a) it is likely to prevail on the merits of its appeal; (b) it will suffer irreparable injury absent a stay; (c) a stay will not cause substantial harm to other interested parties; and (d) a stay will not harm the public interest. *See Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991). Although none of the above factors is determinative, courts rarely exercise their

discretion in favor of a moving party who has failed to demonstrate a likelihood of success on the merits or irreparable harm. With respect to the former, a movant must demonstrate that it has "a substantial issue to raise on appeal." *In re Countrywide Home Loans, Inc.*, 387 B.R. 467, 480 (Bankr. W.D. Pa. 2008). With respect to the latter, equitable mootness of an appeal, without more, does not constitute irreparable harm. *See In re Global Home Products LLC*, Civ. No. 06-508-JJF, 2006 WL 2381918 (D. Del. Aug. 17, 2006).

2. **Analysis**. In the above captioned case, I held that appellees'/debtors' bankruptcy petitions did not satisfy the good faith requirement of 11 U.S.C. § 1112(b) and remanded the case to the bankruptcy court for dismissal. Given the Third Circuit's non-deferential review of this decision and the fact that dismissal (despite appellant's argument to the contrary) has a finality that may well be difficult to un-do, I find that appellees/debtors have demonstrated that the issue raised on appeal is substantial, and that dismissal of their bankruptcy case constitutes irreparable harm. Therefore, a stay is warranted.

                                                     _____
                                                        United States District Judge